IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-03912-NYW-KAS

CHRISTOPHER MORRIS, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

_____

## ORDER DENYING MOTION TO STAY
_____

This matter is before the Court on the Motion to Stay All Proceedings Pending This Court's Determination of Plaintiff's Forthcoming Motion for Remand Pursuant to 28 U.S.C. § 1447(c), or in the Alternative, Motion for Extension of Time to Respond to Defendant's Motion to Dismiss ("Motion to Stay" or "Motion"), filed by Plaintiff on December 30, 2025. [Doc. 20]. Defendant filed a Response in opposition, [Doc. 24], and Plaintiff filed a Reply, [Doc. 25].

## BACKGROUND

In this action, Plaintiff Christopher Morris ("Plaintiff" or "Mr. Morris") alleges that Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") violated certain Colorado wage laws by failing to pay wages and requiring Plaintiff to enter into an unlawful non-compete agreement. *See* [Doc. 4 at ¶¶ 50–68]. Mr. Morris did not assert any federal causes of action, instead (1) asserting a claim for unpaid wages in violation of the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et* seq. ("Count I") and (2)

challenging an unlawful restrictive covenant/training repayment agreement pursuant to Colo. Rev. Stat. § 8-2-113 ("Count II"). [*Id.*]. Mr. Morris originally brought his case as a putative class action in Colorado state court. *See generally* [Doc. 4; Doc. 20 at 2].

Frontier removed the case, invoking the Court's original jurisdiction pursuant to the Class Action Fairness Act as well as federal question jurisdiction, arguing that Mr. Morris's claims necessarily raise a question under the Fair Labor Standards Act. *See* [Doc. 1 at 2–3, 5–6, 14]. A week after removal, on December 12, 2025, Frontier filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. 14; Doc. 14-1]. In its Motion to Dismiss, Frontier argues that (1) Mr. Morris lacks Article III standing because he has not alleged any injury in fact and (2) Count II is preempted by the Railway Labor Act ("RLA") and falls outside of this Court's jurisdiction. [Doc. 14-1 at 1–2, 6–7, 16]. Mr. Morris's response to Frontier's Motion to Dismiss was due January 2, 2026, *see* D.C.COLO.LCivR 7.1(d), and Frontier states that it was agreeable to a 14-day extension to January 16, 2026. *See* [Doc. 24 at 1].

On December 30, 2025, Mr. Morris filed the present Motion to Stay. [Doc. 20]. In the Motion, Mr. Morris seeks a stay of all proceedings, or at the very least a stay of briefing on the Motion to Dismiss, pending a ruling on his forthcoming Motion for Remand. [*Id.*]. Mr. Morris argues that the Parties agree that there is no subject matter jurisdiction in the case, and therefore both the Motion to Dismiss and the forthcoming Motion for Remand "would lead to remand for lack of jurisdiction." *See* [*id.* at 2–3]. Mr. Morris contends that the Motion to Dismiss "is the inappropriate vehicle requesting the inappropriate remedy," and will be mooted by his forthcoming Motion for Remand. *See* [*id.* at 2–4]. Thus, Mr.

2

Morris concludes, the most efficient way to proceed is to stay all proceedings in this case unrelated to his request for remand. [*Id.* at 3, 5].

In its Response to the instant Motion to Stay, Frontier argues that Mr. Morris's legal argument is wrong because if Count II is preempted by the RLA, the proper remedy is not remand but rather dismissal. [Doc. 24 at 4–5]. Further, Frontier argues that Mr. Morris failed to establish good cause for a stay or indefinite extension of time under the *String Cheese* factors. [*Id.* at 2].

The Motion to Stay is respectfully **DENIED without prejudice**.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising its discretion, a court "must weigh competing interests and maintain an even balance." *Id.* "The Federal Rules of Civil Procedure do not provide for the stay of proceedings while motions to dismiss or remand are pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Kremmling Sanitation Dist. v. Everest Nat. Ins. Co.*, No. 09-cv-00635-PAB-BNB, 2009 WL 1324124, at *1 (D. Colo. May 12, 2009).

Stays of proceedings while a dispositive motion is pending are generally disfavored in this District. *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-03012-WJM-NYW, 2015 WL 9304625, at *4 (D. Colo. Dec. 22, 2015); *Profitstreams LLC v. Ameranth, Inc.*, No. 11-cv-01710-RBJ-KLM, 2011 WL 5024912, at *1 (D. Colo. Oct. 21,

3

2011) (collecting cases).  However, "decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted." *United Food & Com. Workers Int'l Union, Loc. No. 7 v. King Soopers, Inc.*, No. 13-cv-02335-RM-KMT, 2014 WL 2536489, at *1 (D. Colo. June 5, 2014) (emphasis in original); *see also Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) ("[C]ourts may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues.").

In determining whether a stay of proceedings or briefing is appropriate, courts in this District consider the following factors: (1) the plaintiff's interest in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) convenience to the court; (4) nonparties' interest; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *Howell v. Gate Gourmet, Inc.*, No. 24-cv-00633-RMR-KAS, 2024 WL 5055585, at *2 (D. Colo. June 19, 2024).  The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**ANALYSIS**

Based on the record before it, the Court finds that a stay is not appropriate in this case.  As an initial matter, the Motion to Dismiss and Motion to Remand likely raise issues regarding the Court's subject matter jurisdiction that may be intertwined.  Further, the *String Cheese* factors weigh against a stay or indefinite extension of time to respond to Frontier's Motion to Dismiss.

4

***Plaintiff's Interest in Proceeding.*** First, the Court notes that plaintiffs typically have an interest in proceeding expeditiously with litigation. Here, though, Mr. Morris argues that the stay is in his interest because otherwise he will "spend resources arguing against dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when he agrees that there is no subject matter jurisdiction." [Doc. 20 at 4]. The Court is respectfully unpersuaded by this argument. The Court notes that the resources that a party spends in responding to a motion are "not so special as to warrant a stay. Rather, investing time to respond to a motion is an ordinary burden of litigating a case." *Bank of Colorado v. Wibaux 1, LLC*, No. 17-cv-02871-CMA-KMT, 2018 WL 2562662, at *4 (D. Colo. June 4, 2018). Mr. Morris has not provided any other explanation for how he would be burdened by having to respond to Frontier's Motion to Dismiss, particularly when Mr. Morris is entirely unclear as to the basis that he believes this Court lacks subject matter jurisdiction, i.e., whether he concedes he has suffered no injury-in-fact and/or that Count II is preempted by the RLA. This factor therefore weighs against a stay.

***Burden on Defendant.*** Second, Frontier is strongly opposed to a delay in the case and specifically stresses that it should be allowed "its right to file a Reply in support of the Motion to Dismiss." *See* [Doc. 24 at 5]. Frontier further argues that it will be burdened and prejudiced by an indefinite stay for a few reasons: (1) the general principle that "[j]ustice delayed is justice denied," (2) Frontier faces the possibility that witnesses' memories will fade, witnesses will relocate, and documents may get misplaced or destroyed; and (3) the stay may result in the Court's attention pulled away from the Motion to Dismiss. [*Id.* at 6–7]. Respectfully, this Court is unpersuaded by these arguments as it does not anticipate the time required for the Court to rule on a Motion to Remand to

5

substantially impact witness memories or document retention. Further, Defendant's suggestion that the Court's "attention [would be] pulled in several unknown directions, with several different requests, prior to ruling on Defendant's timely-filed Motion to Dismiss" is entirely speculative. This factor is neutral with respect to a stay.

**Convenience to the Court.** Third, the Court finds that it would be most efficient to have the benefit of a fully-briefed Motion to Dismiss as well as Motion for Remand in considering the relevant jurisdictional questions and any appropriate relief together. *See Howell*, 2024 WL 5055585, at *2; *Downey v. Am. Nat'l Prop. & Cas. Co.*, No. 1:11-cv-00587-MCA-KBM, 2012 WL 13071548, at *11 (D.N.M. Mar. 31, 2012) (where motions to dismiss challenge the court's subject matter jurisdiction, "[i]n the interest of judicial efficiency, Plaintiffs' Motion to Remand and Defendants' Motions to Dismiss should be decided concurrently"); *see also Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008) ("[T]he Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable."). This factor weighs against a stay.

**Public Interest.** Finally, neither Party has identified any non-parties with a significant interest in this case. But the public has a general "interest in the speedy resolution of legal disputes" as well as "in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *3 (D. Colo. Nov. 4, 2019). Those two public interests are best served if the Court can consider jurisdictional issues and appropriate relief at once. After all, "if removal was proper, then incomplete briefing on the Motion to Dismiss will

6

delay a ruling as to whether this dispute should be litigated or arbitrated." *Howell*, 2024 WL 5055585, at *3. This factor therefore weighs against a stay.

Having weighed all five relevant factors, the Court finds that a stay or extension of time to respond to the Motion to Dismiss until after the forthcoming remand motion is decided is not warranted.

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) The Motion to Stay All Proceedings Pending This Court's Determination of Plaintiff's Forthcoming Motion for Remand Pursuant to 28 U.S.C. § 1447(c), or in the Alternative, Motion for Extension of Time to Respond to Defendant's Motion to Dismiss, [Doc. 20], is **DENIED**; and

(2) Plaintiff shall file any response to the Motion to Dismiss, [Doc. 14], by **January 16, 2026**.

DATED: January 8, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7